IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK MAXEY, | ) | CASE NO. 1:25-cv-01214-JJH |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | REUBEN J. SHEPERD |
| WARDEN DOUG LUNEKE, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

**I.      Introduction**

This matter was referred to me for the preparation of a Report and Recommendation regarding Petitioner Derrick Maxey's ("Maxey") June 1, 2025 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Docs. 1, p. 16, 3; non-document entry of June 16, 2025). The Respondent has not yet filed a Return of Writ and state court record. (*See* ECF Doc. 8 at p. 5 staying the deadline). Before the Court is a motion filed by Maxey related to his petition for a writ of habeas corpus. (ECF Doc. 9). The Respondent has not responded to the motion and the time to do so has passed. For the reasons stated below, I recommend that the Court grant Maxey's motion and dismiss his petition.

**II.      Discussion**

Maxey filed a Motion for Extension of Time to File a Petition for Habeas Corpus on June 18, 2025 and was docketed on July 7, 2025. (ECF Doc 7). In that motion, Maxey sought an "extension of time to file an *amended* habeas corpus" petition. (*Id.* at p. 1) (emphasis added). However, in his motion, Maxey stated that his petition is a "protective petition for a writ of

1

habeas corpus" and that "a motion to set aside or vacate judgment or sentence . . . was filed 06-05-2025 and is pending judgment in Cuyahoga [C]ounty court of common pleas." (*Id.*). He also stated that he has a state habeas corpus petition and a delayed application to reopen pending judgment in state court. (*Id.* at p. 2). Depending on the decisions of the state court on these pending matters, Maxey claimed he may appeal the decisions. (*Id.* at pp. 1-2). Further, a review of Maxey's petition reveals that he is "still waiting" for a ruling on a decision for a delayed petition for post-conviction relief, which relates to one of his grounds for relief in his petition before this Court. (ECF Doc. 1, p. 4).

On July 14, 2025, I denied Maxey's Motion for Extension of Time (ECF Doc. 7) as moot and determined based on Maxey's statements that his petition filed with the Court was likely a mixed petition, meaning it includes both exhausted and unexhausted state court remedies. (ECF Doc. 8). In light of Maxey's assertions to the Court that he had raised and intended to raise more unexhausted state court claims in his petition, I informed Maxey that he could refile his motion and clarify whether he sought to: (1) withdraw the petition to pursue his state court claims; (2) amend his petition to remove any unexhausted claims; or (3) request a stay and abeyance. (*Id.* at p. 5).

On August 2, 2025, Maxey filed the instant motion, where he clarifies that he "feels it is best to choose option #1 withdraw petition to pursue his state court claims[.]" (ECF Doc. 9, p. 3). However, in doing so, Maxey states this decision is "cont[ing]ent that it does not cause him to be time barred." (*Id.*).

I recommend that the District Court grant Maxey's motion to withdraw his petition so that he may pursue his state court claims. However, in doing so I note that the Court cannot make any guarantees on the timeliness of his petition. As stated in my July 14, 2025 Order, the

2

Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal habeas corpus petitions, provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). That statute of limitations period runs from the latest of four possible dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The United States Supreme Court has held that "direct review" for purposes of § 2241(d)(1)(A) includes seeking certiorari. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989).

AEDPA allows for statutory tolling under § 2244(d)(2) when it states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); see also *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016). Statutory tolling extends "until the application has achieved final resolution through the State's post-conviction procedures," *Carey v. Saffold*, 536 U.S. 214, 220 (2002), or "until the expiration of the period for further State court review, whether or not the petitioner actually seeks such review." *Holbrook*, 833 F.3d at 615, quoting *Whitcomb v. Smith*, 23 F. App'x 271, 273 (6th Cir. 2001).

3

This precedent makes clear, it is incumbent upon the petitioner to ensure that their petition for a writ of habeas corpus is filed timely, and in accordance with AEDPA. Therefore, I recommend that Maxey's motion requesting that his petition be dismissed without prejudice to refile so that he may pursue his unexhausted state court claims be granted but that Maxey be notified that the Court cannot make any assurances regarding timeliness in the event that he refiles his petition at a later date.

III.  **Conclusion**

I recommend that Maxey's Motion (ECF Doc. 9) be granted and that his petition be dismissed without prejudice.

Dated: September 25, 2025

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

---

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entire report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the

4

exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).